*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HEATHER ANN KIMBALL, formerly known as
HEATHER ANN PEARSON

UNPUBLISHED
January 15, 2019

Plaintiff-Appellee,

v

No. 335639
Macomb Circuit Court
Family Division
LC No. 2010-002626-DM

TIMOTHY ROLAND PEARSON, JR.,

Defendant-Appellant.

AFTER REMAND

Before: GLEICHER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

This custody case returns to us after a second remand. In our July 25, 2017 opinion,[1] we concluded that the trial court did not err in its initial denial of defendant's motion to change joint custody to sole custody, but that the court erred in denying defendant's motion for reconsideration without further factual development. We remanded to the trial court to hold an evidentiary hearing regarding allegations provided in a letter from the children's therapist, Josette Luci. On remand, the trial court conducted the evidentiary hearing but substantially restricted the testimony of the therapist. After the hearing, the trial court denied defendant's motion for sole custody and instead granted plaintiff sole legal custody of the children.

---

[1] *Kimball v Pearson Jr*, unpublished per curiam opinion of the Court of Appeals, issued July 25, 2017 (Docket No. 335639).

In our March 29, 2018 opinion,[2] we again remanded with direction to allow the therapist to testify in full. After our remand, the case was reassigned to another circuit court judge who reviewed the record and completed the evidentiary hearing. By the time of the hearing, plaintiff mother had moved back to southeast Michigan from Gaylord. This move constituted a change in circumstances since the last hearing. The trial court conducted the hearing as directed, considered and made findings as to the best-interest factors, and ordered that the parties have joint legal and physical custody. We have reviewed the record of the proceedings on second remand and find no error in the trial court's factual findings or its order.[3] Therefore, we affirm.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[2] *Kimball v Pearson Jr*, unpublished per curiam opinion of the Court of Appeals, issued March 29, 2018 (Docket No. 335639).
[3] We also directed that any order "provide for reasonable parenting time for the noncustodial parent." Pursuant to the trial court's order, the parents share physical custody and each has reasonable parenting time. This satisfies our direction.